**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone:   (213) 384-6964
Facsimile:   (213) 383-7368
E-Mail:      maimons@aol.com


Attorney for Defendants
KC HOTELS GROUP,
INC. dba HILLTOP
INN & SUITES, a California
corporation, MOHMED
CHAUHAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY NEILSON, an individual, | **Case No.:** |
| Plaintiff, | **NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT** |
| v | |
| KC HOTELS GROUP, INC. dba HILLTOP INN & SUITES, a California corporation; MOHMED CHAUHAN, an individual; and DOES 1 through 50, inclusive . | |
| Defendants. | |

1

1.    Defendants KC HOTELS GROUP, INC. dba HILLTOP INN & SUITES, a California corporation, and MOHMED CHAUHAN ("Defendants"), hereby remove to this Court the attached original state civil complaint entitled Timothy Neilson, an individual v KC Hotels Group, Inc. dba Hilltop Inn & Suites, a California corporation; Mohmed Chauhan , an individual; and Does 1 through 50, inclusive, San Bernardino Superior Court Case No. CIVSB2315541. A copy of the original civil complaint and answer filed by the defendant is attached hereto as Exhibit "A".

1.    The action is a civil action commenced against the Defendants by the Plaintiff TIMOTHY NEILSON ("Plaintiff") for alleged California Labor Code violations regarding claimed employment at the by the Defendants at the Hilltop Inn & Suites located at 16901 Stoddard Wells Road, Victorville, CA 92394 ("Motel").

2.    Plaintiff resided at the motel during the time that he claims he was employed by the Defendants.

3.    Subject matter jurisdiction exists to remove the matter pursuant to 28 U.S.C. Section 1441©(1)(A), as the question of the alleged employment and residency is inextricably bound up with the federal question of whether such alleged employment requires arbitration of this action under the Federal ArbitrationAct, 9 U.S.C. Section 1, et seq. ("FAA"). See Chamber of Commerce v Bonta, 13 F.4th 766(9th Cir. 2023) (deciding that FAA's preemption of California state law extends even to the prevention and enforcement to block the formation of arbitration agreements).

4.    Residential and Commercial real property, including a motel property clearly affects interstate commerce and falls within the scope of the FAA.

5.    Federal civil rights statutes the Congress enacted under its Commerce Clause power under the United States Constitution, Article 1, Section 8, Clause 3, allows it to do so because such commercial activity affects interstate commerce.

6.    Congress has enacted numerous civil rights statutes under its Commerce Clause power such as 42 U.S.C. Section 1982 prohibits nongovernmental discrimination in the ownership or leasing of rental property based on race or religion, the Federal Fair Housing Act, 42 U.S.C. Section 3604©, prohibiting private and non governmental discrimination in the renting of real property.

7.    Congress has also enacted 18 U.S.C. Section 844(j) which makes it a federal crime to maliciously damage or destroy by means of fire or an explosive, any building used in interstate commerce or foreign commerce.

8.    In Russell v United States, 471 U.S. 858, 862 (1985), the United States States Supreme Court held that the rental of real estate is an activity that affects interstate commerce and falls within the scope of 18 U.S.C. Section 844(j).

9.    Therefore, the alleged employment and residency in question clearly affects interstate commerce and is within the scope of the FAA. See Hopkins v Walker, 244 U.S. 486, 489 (1917) (federal jurisdiction was proper because "it [was] plain" that the case involved "a controversy respecting the **construction and effect** of" federal mining laws).

10.    The federal question of the application of the FAA in this case, a quintessential federal question, is inextricably bound with the face of the complaint. See also Bem 1, LLC v Anthropologie Inc., 301 F.3d 548 (7th Cir. 2002) (Seventh Circuit affirms arbitration award after removal of state case unlawful detainer action).   The removal of this action is timely as it is made within thirty (30) days from when the Defendant received and was served with the complaint, June 6, 2023, and is timely under 28 U.S.C. Section 1446(b)(1).

11. Wherefore for the reasons above, Defendant hereby removes this case from the Superior Court of the State of California for the County of Los Angeles to this federal district court.

Dated: April 10, 2024                    LAW OFFICES OF FRANK A. WEISER

                                         By: /s/ Frank A. Weiser
                                         _____
                                         FRANK A. WEISER, Attorney for
                                         for Defendants KC HOTELS GROUP,
                                         INC. dba HILLTOP INN & SUITES,
                                         a California corporation, MOHMED
                                         CHAUHAN