JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY NEILSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KC HOTELS GROUP, INC. dba HILLTOP INN & SUITES, a California corporation; MOHMED CHAUHAN, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-00755-KK-SHK<br><br>**ORDER GRANTING MOTION TO REMAND TO STATE COURT**<br><br>Date:      June 13, 2024<br>Time:     9:30 a.m.<br>Judge:    Hon. Kenly Kiya Kato<br><br>Action Filed: July 11, 2023<br><br>Removal Date: April 10, 2024<br><br>Trial Date: None Set<br><br>**[NOTE CHANGES BY COURT]** |

Before the Court is Plaintiff Timothy Nielson's ("Plaintiff") Motion to Remand to State Court ("Motion") made under 28 U.S.C. section 1446(b) on the ground that Defendants KC Hotels Group, Inc. dba Hilltop Inn & Suites and Mohmed Chauhan's (collectively, "Defendants") notice of removal was filed more than 30 days after Defendants were served a copy of the complaint setting forth the claim upon which this action is based. Plaintiff's motion is further made under 28 U.S.C. section 1447(c) on the ground that the district court lacks original jurisdiction.

After considering all of the papers filed in support thereof, and in opposition where applicable, the Court GRANTS the Motion.

## I. BACKGROUND

On July 11, 2023, Plaintiff filed his Complaint alleging causes of action for (1) retaliation in violation of Labor Code section 1102.5, (2) adverse action in violation of Labor Code section 98.6, (3) wrongful termination in violation of public policy, (4) failure to pay minimum wages in violation of Labor Code section 1197.1, (5) failure to pay overtime wages in violation of Labor Code section 510, (6) failure to pay earned wages in violation of Labor Code sections 201 and 202, (7) failure to provide accurate itemized wage statements in violation of Labor Code section 226, and (8) violation of Business and Professions Code section 17200.

On July 17, 2023, Defendants were served the Summons and Complaint.

On September 19, 2023, Defendants filed their Answer.

On September 26, 2023, Plaintiff served Form Interrogatories—General (Set One), Form Interrogatories—Employment (Set One), Special Interrogatories (Set One), Requests for Production of Documents (Set One) and Requests for Admission (Set One) on Plaintiff.

On November 1, 2023, having received no responses, Plaintiff sent a meet and confer letter to Defendants regarding the initial discovery. No response to the letter or responses to Plaintiff's discovery were provided.

On December 20, 2023, Plaintiff filed motions to compel responses to the discovery. The hearing on the motions was set for April 15, 2024.

On April 2, 2024, Defendants filed an opposition to Plaintiff's motions to compel.

On April 11, 2024, two weeks later—and two court days before the April 15th hearing on Plaintiff's motions to compel—Defendants filed their Notice of Removal.

## II. LEGAL STANDARD

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Because it is presumed that a case is outside of the Court's jurisdiction, Plaintiff's motion for remand effectively forces Defendants—the parties who invoked the federal court's removal jurisdiction—to prove by a preponderance of evidence whatever is necessary to support the petition: e.g., the existence of diversity, the amount in controversy, or the federal nature of the claim. Phillips *et al.*, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, Calif. & 9th Cir. Editions (The Rutter Group 2020) § 2:3739.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) (rev'd on other grounds). "The removal statute authorizes a defendant to remove to federal court any civil action brought in a state court of which the district courts of the United States have original jurisdiction. Consequently, only those state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Ethridge*, 861 F.2d at 1393 (internal citations, quotations, and brackets omitted).

## III. DISCUSSION

### A. Original Jurisdiction

In order to show substantive propriety for removal, Defendants must demonstrate that this Court has original jurisdiction over the claims asserted, i.e., either that this case presents a federal question under 28 U.S.C. section 1331 or that all of the requirements for diversity of citizenship under 28 U.S.C. section 1332 are present. In addition, in cases where diversity of citizenship is asserted as a basis for removal, Defendants must establish that no named defendant is a citizen of the state where the action was filed. 28 U.S.C. § 1441(b).

In the Notice of Removal, Defendants argue subject matter jurisdiction exists pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, et seq.; the Commerce Clause under the United States Constitution, Article 1, Section 8, Clause 3; 42 U.S.C. Section 1982 prohibiting nongovernmental discrimination in the ownership or leasing of rental property based on race or religion; and the Federal Fair Housing Act, 42 U.S.C. Section 3604(c), prohibiting private and non-governmental discrimination in the renting of real property. None of the above federal statutes are at issue in this case. Plaintiff's Complaint stems from California Labor Code violations between employee and employer. A motion for remand is appropriate when a claim does not in fact "arise under" federal law. Such defects go to the court's subject matter jurisdiction and can be raised at any time. *International Primate Protection League v. Administrators of Tulane Educational Fund* 500 US 72, 87 (1991); see *Bromwell v. Michigan Mut. Ins. Co.*, 115 F3d 208, 213 (3rd Cir. 1997) (remand required even where federal court previously dismissed identical action).

### B. Timeliness of Removal

In order to show procedural propriety, Defendants must demonstrate that all of the requirements of 28 U.S.C. § 1446 are present, including that (1) a notice of removal containing the required allegations was filed within the time allowed, (2) all relevant

parties have joined in the removal, and (3) Defendants attached all of the relevant pleadings from the Superior Court to the notice of removal. 28 U.S.C. § 1446(a), (b).

Pursuant to 28 U.S.C. section 1446(b):

> **(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> **(2) (A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

Defendants failed to timely file their notice of removal. The Complaint was filed on July 11, 2023, Defendants were served on July 17, 2023, and Defendants filed their Answer on September 19, 2023. The deadline for Defendants to file a notice of removal was August 16, 2023, i.e., 30 days following service. 28 U.S.C. § 1446(b). Instead of doing so, Defendants waited eight months before filing their Notice of Removal on April 10, 2024.

### C. Defendants' Failure to Oppose

On May 9, 2024, Plaintiff filed the instant Motion to Remand ("Motion") with a hearing on the motion set for June 13, 2024. Dkt. 10. Defendants' opposition was due by May 23, 2024. See L.R. 7-9 (requiring an opposition brief to be filed not later than twenty-one days before the hearing). To date, Defendants have not filed an opposition. Defendants' failure to address Plaintiff's claims are deemed consent to the granting of the Motion on these issues. L.R. 7-12; see Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos, 495 F. Supp. 3d 848, 854 (C.D. Cal. 2020) ("Arguments to which no response is supplied are deemed conceded.").

**D. Attorney Fees and Costs**

Plaintiff moves the Court pursuant to 28 U.S.C. section 1447(c) for an order that Defendants pay to Plaintiff $3,420.00, which comprises all costs and actual expenses, including attorney's fees, incurred and anticipated to be incurred as a result of the improper removal of this case.

Pursuant to 28 U.S.C. section 1447:

> (a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.
>
> . . .
>
> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Plaintiff's request for attorney fees and costs is GRANTED. Defendants are ordered to pay $3,420.00 to Plaintiff, which comprises all costs and actual expenses, including attorney's fees, incurred, and anticipated to be incurred, as a result of the improper removal of this case.

///

///

///

## IV. CONCLUSION

The Court therefore GRANTS Plaintiff's Motion to Remand to State Court. Defendants are ordered to pay $3,420.00 to Plaintiff.

**IT IS SO ORDERED.**

Dated:  June 5, 2024

_____
Honorable Kenly Kiya Kato
United States District Judge